UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR755 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| KHALILAH CRUMPLER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of the defendant, Khalilah Crumpler, for the *de novo* review and revocation of an order of detention imposed by the magistrate judge. (Doc. No. 24.) In preparation for the hearing on February 5, 2020, the Court reviewed the following:

(1) A pretrial services report prepared on August 1, 2019, for a bond hearing that was prepared in conjunction with the criminal complaint filed on June 14, 2019 involving Ms. Crumpler;

(2) The criminal complaint, which set forth the charge of Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) and was supported by a 43-page affidavit (Doc. No. 1);

(3) The appearance bond set on August 1, 2019 (Doc. No. 4);

(4) The indictment (Doc. No. 13);

(5) The transcript of the detention hearing proceedings before The Honorable George J. Limbert (Doc. No. 21); and

(6) The written motion filed on behalf of Ms. Crumpler, which set forth several arguments in support of her motion (Doc. No. 24).

Ms. Crumpler is charged in the indictment, as follows:

(1) Count 1 – Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846;

(2) Count 2 – Conspiracy to Lauder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).

In accordance with 18 U.S.C. § 3142(f), the Court conducted a detention hearing to determine whether any condition or combination of conditions of release would reasonably assure the appearance of defendant, Khalilah Crumpler, at further court proceedings and protect the public. In this particular case the Court finds that, pursuant to 18 U.S.C. § 3142(e)(3), given the nature of the drug offense charged, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3)(A). While the defendant has the burden of production to rebut the presumption, the government retains the overall burden of persuasion on a motion for detention. *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010).

In *Stone*, the Sixth Circuit Court of Appeals outlined, in detail, the standard that the Court must apply, as follows:

> Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno,* 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.] 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). The default position of the law, therefore, is that a defendant should be released pending trial.
>
> That default is modified, however, for certain, particularly dangerous defendants. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes

listed in section 3142(e)(3), there is a presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]"18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. *Hazime,* 762 F.2d at 37. Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.

As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes,* 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *See United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup,* 757 F.2d at 387.

Regardless of whether the presumption applies, the government's ultimate

> burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....
>
> 18 U.S.C. § 3142(g). However, consideration of these factors shall not be construed to modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

*Stone*, 608 F.3d at 945–46.

Following a detention hearing on January 15, 2020, Magistrate Judge Limbert found that Ms. Crumpler failed to introduce sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3). (Doc. No. 18, Part II.) Magistrate Judge Limbert also found that the government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and that the government proved by a preponderance of the evidence that no condition or combination of conditions of release will reasonably

4

assure Ms. Crumpler's appearance as required for the following reasons: the weight of the evidence against Ms. Crumpler is strong, she is subject to a lengthy period of incarceration if convicted, she has a lack of stable employment, and her background information is unknown or unverified. (Doc. No. 18, Part III.) Further reasons the magistrate judge gave for his determination were as follows:

> The parties stipulate that there is a rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e) & (f)(1)(C). The Government provided the June 14, 2019 criminal complaint with an attached affidavit against Defendant as an exhibit. The underlying chages (sic) against Defendant allege that Defendant is the lead player in a drug smuggling operation. She is alleged to have ties to a Mexican drug supplier, who has a live warrant out for his arrest, and that over a ten-year period, she has allegedly moved a conservative estimate of 200 kilograms of cocaine into the Cleveland area from California and Mexico. Over this ten-year period, Defendant has allegedly laundered illegal proceeds amounting to about $1.1 million dollars through several shell companies.
>
> On July 30, 2019, the Government stipulated for Defendant to be released on bond when she was solely charged with Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h). At or around the time she was bonded, the Government informed Defendant that if Defendant failed to comply with its investigation, it would add a new charge of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. A Grand Jury issued an indictment on December 11, 2019 with both counts.
>
> The undersigned finds that Defendant has not rebutted the presumption of detention. The undersigned also considered the factors of 18 U.S.C. § 3142(g) and finds that they weigh in favor of Defendant's detention in this case. The weight of the evidence contained in the criminal complaint and accompanying affidavit are detailed, lengthy, and present strong evidence against Defendant. Also, although Defendant is a native of Cleveland, OH, has familial ties to the community, and appears to be in compliance with her current bond terms, her ties to California and Mexico, as well as her substantial income and potential [10-year] mandatory minimum sentence makes Defendant a risk of flight or nonappearance. Despite having no verifiable employment, the Government informed the undersigned that Defendant is receiving a steady source of income while on bond, which the Government stated is verified by confidential sources. Defendant's steady income, alleged lead role in a major drug trafficking operation, and

> the nature and effect of [trafficking-controlled] substances lead the undersigned to find that Defendant has and may continue to pose a substantial risk of danger to the community. For the above reasons, the undersigned finds that Defendant poses a risk of flight or nonappearance and Defendant poses a danger to the community and is, thereby, ordered detained pending trial.

(Doc. No. 18 at 93.)

In her motion, Ms. Crumpler complains that Magistrate Judge Limbert did not have the benefit of reviewing a pretrial services report. In support of her position for bond, Ms. Crumpler argues that she has no criminal history or history of obstructing justice. But this is not true. This Court has reviewed the report prepared in conjunction with the criminal complaint proceedings, and the report reflects that Ms. Crumpler does have a criminal history and that her convictions—felonies, misdemeanors, and traffic offenses—are troubling. Most notably, Ms. Crumpler has 2004 convictions for Aggravated Theft (F5), Tampering with Records (F3), and Identity Fraud (M1). The pretrial services report also indicates that capiases were issued for Ms. Crumpler in three separate traffic cases in 2004, 2008, and 2009.

The pretrial services report also contains contradictory information from Ms. Crumpler and her mother. Ms. Crumpler told the pretrial services officer that she was living with her mother in Warrensville Heights as she began her transition back to the Cleveland, Ohio area in May 2019, whereas her mother advised that Ms. Crumpler had been "residing in Euclid, Ohio with a boyfriend since returning to Ohio and only occasionally stays with her." Additionally, Ms. Crumpler's mother reported that Ms. Crumpler "is in a relationship with her daughter's father[,]" to which Ms. Crumpler

responded that "she doesn't know why her mother would say that and 'I don't know she must be scared to talk or something.'"

Ms. Crumpler also argues that the five and one-half months that she was on bond with a location monitoring component—and was even permitted (August 20–28, 2019) to travel to California to retrieve and move some items—demonstrates that she is not a flight risk. But like the magistrate judge, the Court finds that circumstances have changed significantly with the filing of the indictment, which now includes a very serious drug conspiracy charge that carries a mandatory minimum 10-year sentence and a maximum of life imprisonment. In contrast, the maximum term of imprisonment that Ms. Crumpler faced relative to the money laundering charge in the criminal complaint was 20 years. Given the factors that the Court is required to weigh and consider, and for the reasons cited by the magistrate judge in his well-reasoned, thoughtful, and detailed opinion, the Court finds that Ms. Crumpler has failed to rebut the presumption that no condition or combination of conditions will reasonably assure her appearance as required or the safety of the community.

Even if the Court were to find that Ms. Crumpler has met her "burden of production" regarding the rebuttable presumption by citing to, among other things, the five and one-half months that she was on pretrial supervision while the criminal complaint was pending, the Court finds, for the same reasons as cited by the magistrate judge in Part III of his detention order, that the government has met its "burden of persuasion" in establishing by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and in establishing by a preponderance of evidence that no condition

or combination of conditions of release will reasonably assure Ms. Crumpler's appearance. The Court also finds that the additional information regarding Ms. Crumpler's criminal history and contradictory information given regarding her relationships and living arrangements, further support an order of detention.

It cannot be denied that the charges, especially the drug conspiracy charge, are very serious. Indeed, Congress thought that the nature of the drug trafficking charge, with its mandatory minimum 10-year sentence up to life imprisonment, was serious enough to trigger the presumption in favor of detention. This factor weighs in favor of detention.

Further, as the magistrate judge aptly noted, the weight of the evidence contained in the criminal complaint and accompanying affidavit is "detailed, lengthy, and present[s] strong evidence against [Ms. Crumpler]." (Doc. No. 18 at 93.) This factor weights in favor of detention.

The history and characteristics of Ms. Crumpler also weigh in favor of detention. Although she is a native of Cleveland, Ohio, has family in the area, and was on supervision relative to the money laundering charge as set forth in the criminal complaint, Ms. Crumpler has recently lived in California, vacationed in Mexico, and is alleged to have ties to California and Mexico related to her drug trafficking organization. Her mother and other family members are implicated in her drug trafficking organization. And, as mentioned previously, Ms. Crumpler has a troubling criminal history which includes felony convictions for aggravated theft, tampering with evidence, and identity fraud, as well a number of instances where capiases were issued.

Finally, over a 9-year period, Ms. Crumpler is accused of leading a drug trafficking organization in which more than 200 kilograms of cocaine from suppliers in

California were shipped to Ms. Crumpler's drug trafficking organization in Cleveland for distribution. Ms. Crumpler is also accused of handling hundreds of thousands of dollars in drug proceeds at a time and conspiring to launder proceeds in excess of 1 million dollars through shell companies created to conceal the drug proceeds. The nature of the charges establishes that the conduct in which Ms. Crumpler is alleged to have engaged in poses a serious and dangerous threat to the community. This factor weighs in favor of detention.

Accordingly, for the foregoing reasons, the motion of the defendant, Khalilah Crumpler (Doc. No. 24), for revocation of the magistrate judge's order of detention is denied. Ms. Crumpler shall remain in the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated: March 2, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**