# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-755 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| KHALILAH CRUMPLER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the emergency motion of defendant Khalilah Crumpler ("Crumpler") for reconsideration of the Court's order denying her motion to revoke the detention order. (Doc. No. 34 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 35 ["Opp'n"].) For the reasons that follow, Crumpler's motion is DENIED.

## I. BACKGROUND

On June 14, 2019, Crumpler was charged in a complaint with one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). (Doc. No. 1 (Complaint).) According to the supporting affidavit, the alleged money laundering was committed in connection with the activities of a drug trafficking organization. (Doc. No. 1-1 (Affidavit).) On June 30, 2019, Crumpler was arraigned on the complaint, and, at the request of Crumpler, a bond hearing was conducted on August 1, 2019. At the bond hearing, the magistrate judge—without objection from the government—set bond with conditions and released Crumpler.

On December 11, 2019, the government issued an indictment against Crumpler, charging her with one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). (Doc. No. 13 [Indictment].) Crumpler was arraigned on the Indictment on January 15, 2020, at which time the government moved for detention and revocation of bond.[1]

Following a detention hearing, the magistrate judge revoked bond and ordered Crumpler detained pending trial. (Doc. No. 18 [Order of Detention].) Pursuant to 18 U.S.C. § 3142(e)(3), the magistrate judge found the existence of a "rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe" that Crumpler committed "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substance Act[.]" (Order of Detention at 92.) In finding that Crumpler had not rebutted the presumption of detention, the magistrate judge reasoned, in part:

> The weight of the evidence contained in the criminal complaint and accompanying affidavit are detailed, lengthy, and present strong evidence against [d]efendant. Also, although [d]efendant is a native of Cleveland, OH, has familial ties to the community, and appears to be in compliance with her current bond terms, her ties to California and Mexico [which included ties to a Mexican drug supplier], as well as her substantial income and potential [10-year] mandatory minimum sentence makes [d]efendant a risk of flight or nonappearance. Despite having unverifiable employment, the Government informed the undersigned that [d]efendant is receiving a steady source of income while on bond, which the Government stated is verified by confidential sources. Defendant's steady income, alleged lead role in a major drug trafficking operation, and the nature and effect of [trafficking-controlled] substances lead the undersigned to find that [d]efendant has and may continue to pose a substantial risk of danger to the community. For the above reasons, the undersigned finds that [d]efendant poses a risk of flight or nonappearance and [d]efendant poses a danger to the community

---

[1] Crumpler has entered a plea of not guilty to the charges in the Indictment, and the trial in this matter is set for November 6, 2020. (Doc. No. 26 [Amended Trial Order].)

and is, thereby, ordered detained pending trial.

(Order of Detention at 93.)

On February 2, 2020, Crumpler moved the Court for a *de novo* review and revocation of the magistrate judge's detention order. (Doc. No. 24 [Motion to Revoke].) The Court conducted a hearing on the motion on February 5, 2020, and, following its *de novo* review, the Court denied the motion for revocation. (Doc. No. 27 (Order Denying Revocation of Detention ["Order"]).) In so ruling, the Court determined that bond was inappropriate for the same reasons the magistrate judge denied bond. The Court found, consistent with the findings of the magistrate judge, that Crumpler's circumstances changed drastically after the filing of the Indictment, "which now includes a very serious drug conspiracy charge that carries a mandatory minimum 10-year sentence and a maximum of life imprisonment." (Order at 201.) Additionally, the Court highlighted Crumpler's troubling criminal history and the contradictory information in the record regarding Crumpler's proposed residence. Finally, the Court concluded that the nature the charges—involving the 9-year operation of a significant drug trafficking organization that brought substantial quantities of drugs into Cleveland from California and Mexico—"establishes that the conduct in which Ms. Crumpler is alleged to have engaged in poses a serious and dangerous threat to the community." (*Id.* at 203.)

On March 4, 2020, Crumpler filed a notice of appeal challenging the Court's order denying her motion to revoke the detention order. (Doc. No. 28 [Notice].) The interlocutory appeal is still pending in the Sixth Circuit. On March 31, 2020, Crumpler filed a present motion seeking reconsideration of the same order in light of the "ongoing COVID-19 crisis[.]" (Mot. at 249.) In support of her motion, Crumpler argues that the coronavirus health emergency has

"immediate ramifications . . . for Ms. Crumpler's health, public safety, and the ability of her attorney to provide effective assistance of counsel consistent with the norms of the Sixth Circuit."[2] (*Id*.at 254.)

## II. DISCUSSION

As an initial matter, the government questions the Court's jurisdiction to entertain the present motion in light of the pending interlocutory appeal. It is true that generally the filing of a notice of appeal divests a district court of jurisdiction over a case. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 224 (1982) (per curiam). The Court would agree that, to the extent that Crumpler simply seeks reconsideration of the Court's order, based on the circumstances known at the time the order was issued, this Court would lack jurisdiction while the appeal of the order was pending.

But the Court also has the authority to reopen a detention hearing at any time based on changed circumstances. A detention hearing "may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such

---

[2] Crumpler requests a hearing in connection with her motion for reconsideration, citing 18 U.S.C. § 3145(b). But that statutory provision merely provides for a prompt determination. *See United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (finding that § 3145(b) did not require a hearing on a motion for reconsideration of a detention order in light of COVID-19 and collecting cases providing for reconsideration upon the parties' submissions). Having recently conducted a hearing on the issue of detention, the Court finds that no further hearing is necessary and that the matter can be decided on the filings.

person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The changed circumstance Crumpler relies upon to reopen the detention hearing is the recent COVID-19 pandemic. This circumstance was not before the Court when it denied Crumpler's motion to revoke detention and is not before the Sixth Circuit. Accordingly, the Court finds that it has jurisdiction to reopen detention for the limited purpose of considering the effect of COVID-19 on Crumpler's continued detention. But while the Court agrees that the onset of the COVID-19 pandemic constitutes a changed circumstance sufficient to confer jurisdiction upon this Court to reopen of the detention order, the Court ultimately concludes that Crumpler is not entitled to release.

In support of her request for reconsideration, Crumpler offers her generalized concern that she is at a heightened risk of contracting the virus because she is incarcerated, as well as her concern that COVID-19 will interfere with her ability to confer with counsel in preparation of her defense. As to the former, she does not allege that she suffers from a serious health condition which places her at a higher risk for contracting the COVID-19, and she only argues that the virus poses a risk to herself and the prison community in general.[3] (Mot. at 255-57.) Moreover, the U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19, and, as of the filing of the government's opposition brief, there are no confirmed cases of COVID-19 at the Mahoning County Jail where Crumpler is detained. (Opp'n 273-74.) While the Court is sympathetic to Crumpler's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See*

---

[3] Crumpler also complains that, in the event that she contracts COVID-19, the jail cannot provide the same level of care that she would receive at home. (Mot. at 257.) But she has not alleged that she has been exposed to COVID-19, or that she has any symptoms of COVID-19. The possibility of a future illness is not a valid basis for release.

*United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19).

With respect to her concern that the pandemic has limited her access to counsel, Crumpler notes that the Mahoning County Jail is presently discouraging face-to-face visits. (Mot. at 260.) She and her counsel insist that such face-to-face encounters are essential to effective trial preparation. Yet, defense counsel's own declaration indicates that, even if the jail was not discouraging such meetings, he has made the personal decision not to conduct any face-to-face meetings with his clients "for at least the next sixty days if not longer." (Mot. at 260, citing Doc. No. 34-1 (Declaration of David M. Dudley) ¶ 5.) Given her counsel's self-imposed restrictions on communications with his clients, Crumpler has failed to demonstrate how her interactions with her chosen attorney—whose practice is located in Texas and California—would be any different if she were released pending trial.

Further, notwithstanding the pandemic, Crumpler remains a flight risk and a danger to the community. She also poses a threat to those in law enforcement who would be called upon to monitor the conditions of her release. Given Crumpler's prior criminal history and the nature of the pending charges, the Court is far from convinced that Crumpler would remain compliant on temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor

high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., Martin*, 2020 WL 1274857, at *4 (denying request for release due to COVID-19, noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

On balance, the Court finds that Crumpler has failed to demonstrate that the existence of the COVID-19 pandemic warrants her release. The Court reaffirms its order denying her motion for revocation of the magistrate judge's detention order.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the government's opposition brief, Crumpler's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.


Dated: April 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**